IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y
★ JUL 0 5 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARRY STITCH ) | |
| ) | Case Number |
| Plaintiff ) | **CV11-3248** |
| ) | |
| vs. ) | CIVIL COMPLAINT |
| ) | |
| NCO FINANCIAL SYSTEMS, ) | IRIZARRY, J. |
| INC. ) | LEVY, M.J. |
| & ) | |
| ) | |
| CAPITAL ONE, N.A. ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Barry Stitch, by and through his undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendants, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Barry Stitch, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant, NCO, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices, as well as violations and of New York General Business Law §349, this action is also against Defendant, Capital One for violations of New York General Business Law §349 and against both Defendants for Civil Conspiracy.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

## III. PARTIES

4. Plaintiff, Barry Stitch, is an adult natural person residing in Valley Stream, New York 11582. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, NCO Financial Systems, Inc. ("Defendant, NCO"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of New York, with its principal place of business located at 507 Prudential Road, Horsham, PA 19044

6. Defendant, Capital One, N.A., ("Defendant, Capital One"), at all times relevant hereto, is and was a corporation engaged in the business of providing financial services nationwide, as well as collecting and reporting on debt incurred by those services, including but not limited to, the Commonwealth of Pennsylvania and the State of New York, with a principal place of business located at 1680 Capital One Dr., Mc Lean, VA 22102.

7. Defendants, both of them, are engaged in the collection of debts from consumers using the telephone and mail. Defendant, NCO, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

8. On or about April 25, 2011, Plaintiff placed a call to Defendant, Capital One, to make his monthly payment of $59.00.

9. Plaintiff has three (3) credit card accounts with Defendant, Capital One.

10. Plaintiff was aware that his account, ending in 0921, was approximately ten (10) days late.

11. During Plaintiff's call to Defendant, Capital One, Plaintiff's call was automatically rerouted to Defendant, NCO.

12. Plaintiff was unsure why calls were going directly to Defendant, NCO, when his account with Defendant, Capital One, was always paid and his current month was only ten (10) days late.

13. Plaintiff made several more attempts to get through to Defendant, Capital One, but each time his calls were transferred to Defendant, NCO.

14. On that same day, Plaintiff finally got through to Defendant, Capital One, to make his monthly payment.

15. Plaintiff asked to speak with a supervisor.

16. Plaintiff stated that he was calling to resolve his past due account with Defendant, Capital One.

17. Plaintiff made a $59.00 payment to Defendant, Capital One.

18. Defendant, Capital One, also waived Plaintiff's $39.00 late fee as a courtesy for the Plaintiff's problems getting through.

19. On or about April 27, 2011, Plaintiff's mother-in-law, received a call from Defendant, NCO, looking for Plaintiff's whereabouts and stating that they were calling in regards to a past due balance.

20. Unsure why they would be calling her, Plaintiff's mother-in-law, stated that she could not help Defendant, NCO, and that she did not know where the Plaintiff could be found.

21. Plaintiff's mother-in-law told Defendant, NCO that they were not to call her home again.

22. Before ending the call, Defendant, NCO, threatened Plaintiff's mother-in-law telling her that she could expect further calls until they found the Plaintiff.

23. On or about that same, day, Plaintiff called Defendant, NCO, back and demanded to speak to a supervisor.

24. Plaintiff was put through to a supervisor named "Jimmy Santos".

25. Plaintiff asked why Defendant, NCO, would call his mother-in-law's home after he had already made his payment to Defendant, Capital One.

26. Defendant, NCO's agent, "Jimmy Santos", admitted to the Plaintiff that the Defendant, NCO, had used a "skip-trace" to locate a third party to try and contact the Plaintiff.

27. Defendant, NCO's, agent, "Jimmy Santos", stated that Defendant, Capital One, did not give them an updated telephone number for the Plaintiff.

28. Defendant's agent, "Jimmy Santos", also confirmed stated that Defendant, NCO, was aware that the Plaintiff had made a payment to Defendant, Capital One, a few days earlier.

29. Defendant, NCO's, agent, "Jimmy Santos", informed Plaintiff that despite Plaintiff making his monthly payment to Defendant, Capital One, Plaintiff's account would remain in collections because it was $7.00 (seven dollars) over his credit limit.

30. Defendant, Capital One, made no mention of an overage when Plaintiff spoke with their agent a few days earlier.

31. On or about June 14, 2011, Plaintiff spoke with Defendant, NCO's, supervisor, "Jill Berman", who now stated that Defendant, NCO, was unaware that the Plaintiff had paid his past due balance.

32. The Defendants, NCO, and Capital One, acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

33. The Defendants, NCO, and Capital One, acted in a false, deceptive, misleading and unfair manner by their means of coercing Plaintiff to pay this debt.

34. The Defendant, NCO, knew or should have known that their actions violated the FDCPA. Additionally, Defendant, NCO, could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

35. At all times pertinent hereto, Defendant, NCO, was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant, NCO, herein.

36. At all times pertinent hereto, the conduct of Defendant, NCO, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

37. As a result of Defendant, NCO's, conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I - FDCPA

### Plaintiff v. NCO

38. The above paragraphs are hereby incorporated herein by reference.

39. At all times relevant hereto, Defendant, NCO, was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

40. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2) | Contact of Third Party: Stated the consumer owes any debt |
| §§ 1692c(a)(1) | At any unusual time and place known to be inconvenient to the consumer |

| | | |
|---|---|---|
| §§ 1692c(b) | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, NCO, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## Violations of New York General Business Law §349

## Plaintiff v. NCO & Capital One

41. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

42. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

43. GBL §349 provides in relevant part as follows:

    (a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

    (g) This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct any inquiry

    (h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover her actual damages or fifty dollars whichever is greater, or both such actions. The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual

damages up to one thousand dollars, if the court finds the Defendants willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing Plaintiff.

44. As a direct and proximate result of Defendants, NCO, and Capital One's, deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendants, NCO and Capital One.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, NCO and Capital One, and Order the following relief:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT III - CIVIL CONSPIRACY

### Plaintiff v. NCO and Capital One

45. Plaintiff realleges and incorporates herein by reference all of the allegations contained in Paragraphs 8 through 40, inclusive, of this complaint as though fully set forth herein.

46. Plaintiff is informed and believes and therein alleges that Defendants, both of them, entered into an agreement under which said Defendants, NCO and Capital One, acting in concert, agreed to willfully or knowingly violate the FDCPA.

47. The acts of the Defendants, NCO and Capital One, were in furtherance of a conspiracy to violate a legal duty for their own financial gain.

48. Defendants, NCO and Capital One, had an independent duty to Plaintiff and all others similarly situated not to engage in said conduct and their conduct involves a conspiracy to violate a legal duty in furtherance of Defendants, NCO and Capital One's, financial gain.

49. Defendants, NCO and Capital One, at all times did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and agreement alleged above.

50. As a proximate result of the wrongful acts of the Defendants, NCO and Capital One, Plaintiff has been damaged in a sum according to proof and for attorney's fees, costs and interest according to proof.

## V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: June 21, 2011**     **BY:** _____

Bruce K. Warrens, Esquire
Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215-745-9800   Fax 215-745-7880
bkw@w-vlaw.com
Attorney for Plaintiff